**Reversed and Rendered and Majority and Dissenting Opinions filed October 7, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00971-CV

---

## LUIS CASTILLO, Appellant

## V.

## SYLVIA LUNA AND ANNA GARCIA, Appellees

---

**On Appeal from the 295th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-40999**

---

## D I S S E N T I N G   O P I N I O N

I disagree with the majority concerning the sufficiency of the evidence at trial and would affirm the trial court's judgment. Specifically, I conclude there is legally and factually sufficient evidence that Appellees continuously cultivated, used, and enjoyed the strip of land at issue for a ten-year period.

Appellees testified that (1) after they bought the property in 1973, they used it to park cars, (2) they last had a car "five or six years ago", and (3) Appellant

only took down the fence and built a new one encroaching onto the area after he purchased the property in 2015. Therefore, the trial court (as the finder of fact) could have reasonably interpreted the testimony at trial to mean that Appellees had continuously used the strip of land from 1973 (at the latest) until Appellant's 2015 purchase of the property.

Further, the chain-link fence separating the garage and driveway from Appellant's property has been in place since at least 1966 (before Appellees even purchased their property). During the intervening years (until Appellant removed it in 2015), the fence at issue unambiguously demarcated the relevant boundary. Under these facts, I believe that designating this as a "casual fence" is incorrect; it indisputably existed in place for over half a century. The trial court could have reasonably inferred from the testimony that the land on Appellees' side of the fence was used exclusively by them throughout that time period.

The findings of the factfinder should not be disturbed and the judgment of the trial court should be affirmed. Therefore, I respectfully dissent.


/s/    Meagan Hassan
Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan (Christopher, C.J., majority).